UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHIRLENE A. MCDOWELL,

                              Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-1783 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Shirlene A. McDowell ("McDowell"), *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Social Security Administration's ("SSA's") denial of her claim for Disability Insurance Benefits ("DIB"). (Complaint (Docket Entry # 1).) The Commissioner of Social Security (the "Commissioner") moves unopposed for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ("Motion" (Docket Entry # 11).) As set forth below, the court remands proceedings for further development of the evidence.

I.     **STANDARD OF REVIEW**

    A.     **Rule 12(c)**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in

1

favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Even where such a motion is unopposed, the court may not grant the motion by default. Although the non-movant's failure to respond "may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." Vt. Teddy Bear Co v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (internal citations and quotation marks omitted); see also Martell v. Astrue, No. 09-cv-1701 (NRB), 2010 WL 4159383, *2 n.4 (S.D.N.Y. Oct. 20, 2010) (applying Vt. Teddy Bear in the social security context on an unopposed motion for judgment on the pleadings). Accordingly, in reviewing a motion for judgment on the pleadings – even one that is unopposed – the court must "determine from what it has before it whether the moving party is entitled to [] judgment [on the pleadings] as a matter of law." See id. (internal quotation marks omitted).

Where a plaintiff proceeds pro se, the court reads her submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, "although [courts] construe *pro se* submissions liberally, [they] do not create arguments out of whole cloth." United States v. Bethea, No. 09-4125-cr, 2010 WL 2803086, at *1 (2d Cir. July 19, 2010).

### B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). A lack of analysis by the Commissioner also constitutes "legal error." Simone v. Astrue, No. 08-CV-4884, 2009 WL 2992305, at *11 (E.D.N.Y. Sept. 16, 2009). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

McDowell was born on January 30, 1971. (Administrative Tr. ("Tr.") (Docket Entry # 8) 212.) Until September 2, 2007, she worked as a garage helper for the Metropolitan Transit Authority of the State of New York ("MTA"). (Id.) On May 15, 2005, McDowell had a ganglion cyst removed from her right foot. (Id. at 149.) As a result of the procedure, McDowell developed complications that prevented her from returning to work. (Id. at 213-16.) Between May 15, 2005, and July 7, 2007, McDowell had three additional surgeries on her foot to repair

the damage caused by the first surgery. (Id. at 215-17.) On July 7, 2007, McDowell returned to work for about a week but was forced to stop working due to her foot pain. (Id. at 217.)

On July 12, 2006, McDowell filed a claim for DIB, alleging a disability onset date of May 15, 2005, the date of her first surgery. (Id. at 10.) Her claim was initially denied on September 18, 2006, and she requested an administrative hearing. (Id.) Administrative Law Judge ("ALJ") Seymour Fier conducted a hearing on September 4, 2007 on McDowell's claim, and rendered an unfavorable decision (the "Notice and Decision") on November 20, 2007. (Id.) McDowell sought review before the SSA Appeals Council, which denied her request on February 26, 2008. (Id.) By operation of 42 U.S.C. § 405(g), this became the final decision of the Commissioner. McDowell timely filed her Complaint on April 29, 2008. See 42 U.S.C. § 405(g); 20 C.F.R. § 498.202(e).

## III.   DISCUSSION

### A.   Standard for Determining Disability

To determine whether a claimant is entitled to DIB, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.
>
> If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" . . . of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.

4

> If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied.
>
> If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

54 F.3d 1019, 1022 (2d Cir. 1995). The ALJ used this five step analysis in assessing McDowell's claim. (Tr. 9-19.)

### B. The ALJ's Findings

#### 1. Steps One to Two

Under the first step of the analysis, the ALJ found that McDowell was not engaged in "substantial gainful activity." (Tr. 12.) The Commissioner does not dispute this finding. Under the second step of the analysis, the ALJ found that McDowell suffered from the following severe impairments: "status-post neuroma excision of the right foot and ongoing neuritic symptoms." (Id.) The Commissioner does not dispute this finding.

#### 2. Step Three

Under the third step, the ALJ found that McDowell's impairments did not equal or exceed an impairment in the SSA's Listing of Impairments that required a finding that McDowell was conclusively disabled. (Id.) In his Notice and Decision, however, the ALJ did not devote even a single sentence of analysis to this finding. (See id.) The Commissioner references the testimony of the SSA's medical examiner as proof that the ALJ made his finding under the weight of "substantial evidence." (See Motion at 2-3.) Yet, the sum total of the medical examiner's discussion concerning whether McDowell's impairments met a condition found in the Listing of Impairments was as follows:

5

> Q: All right. Now, would the claimant meet or equal a listing during any time?
>
> A: Not according to the code book, no.

(Tr. 221.) Suffice it to say that the single line of testimony from the medical examiner was not "substantial evidence" for the ALJ to make his determination that McDowell was not conclusively disabled under step three. The court will remand proceedings for further development of the evidence and direct the Commissioner to assign the claim to a different ALJ. The court further directs the Commissioner to reassess McDowell's claim beginning with step three.

### 3. Step Four

Under step four, the ALJ found that, despite McDowell's impairments, she possessed the "residual functional capacity to perform sedentary work." (Tr. 13.) The ALJ referenced reports of several of McDowell's physicians, who all similarly opined that McDowell "may return to work," was able to "perform light work," or that her "prognosis was fair." (Id.) The ALJ, however, discounted McDowell's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [as] not entirely credible." (Id.)

To assess a claimant's allegations concerning the severity of her disabilities, an ALJ must engage in a two-step analysis. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). And second, "[i]f the claimant does suffer from such an impairment . . . the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." Id. (internal quotation marks omitted) (citing 20 C.F.R. § 404.1529(a)). If an ALJ finds that the claimant's testimony is not consistent

6

with the medical evidence of record, the ALJ must weigh the credibility of the claimant's testimony in light of

> (1) the claimant's daily activities;
>
> (2) the location, duration, frequency, and intensity of the pain;
>
> (3) precipitating and aggravating factors;
>
> (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain;
>
> (5) any treatment, other than medication, that the claimant has received;
>
> (6) any other measures that the claimant employs to relieve the pain; and
>
> (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.

Meadors v. Astrue, 370 F. App'x 179, 184 n.1 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(c)(3)).

Much like the ALJ's "analysis" under step three, ALJ Fier determined that McDowell's statements concerning her symptoms were not credible in a single, conclusory pen-stroke without providing even a modicum of analysis or a token recitation of a single fact. (See Tr. 13.) ALJ Fier's terse conclusion and failure to hew to the Commissioner's regulations concerning claimants' credibility constituted both legal error and a lack of substantial evidence.

    4. <u>Step Five</u>

Under step five, the ALJ found that McDowell could not perform any past relevant work, but could work as a dispatcher, a surveillance system monitor, or a receptionist. (Tr. 13-15.) The ALJ based his findings on the testimony of a vocational expert ("VE"). The evidence presented to a VE of a claimant's limitations, however, must "accurately reflect the limitations and capabilities of the claimant involved." Calabrese v. Astrue, 358 F. App'x 274, 276 (2d Cir. 2009). Because the court finds error in the ALJ's analysis regarding McDowell's limitations and

7

capabilities, the court discounts the testimony of the VE. See Melendez v. Astrue, 630 F. Supp. 2d 308, 319 (S.D.N.Y. 2009); Roth v. Astrue, No. 08-cv-00436 (SRU) (WIG), 2008 WL 5585275, at *25 (D. Conn. Nov. 14, 2008). If reanalysis of McDowell's claim leads the Commissioner to step five, the Commissioner must obtain new testimony from a VE. See Roth, 2008 WL 5585275, at *25.

## IV. CONCLUSION

For the reasons discussed above, the court remands proceedings and directs the Commissioner to reassign the matter to a different ALJ. The court further directs the Commissioner to analyze Plaintiff's claim for DIB in a manner consistent with this opinion.

SO ORDERED.                                         s/Nicholas G. Garaufis

Dated: Brooklyn, New York                           NICHOLAS G. GARAUFIS
December __, 2010                                   United States District Judge